Franklin Concrete Corporation, Appellant, *v.* Jack Picoult, Respondent.

*Per Curiam.* The agreement made between the defendant, as general contractor, and plaintiff, as subcontractor, provided that plaintiff should do certain roofing work in accordance with the plans and specifications made a part of the general contract previously entered into by the defendant and the United States Government. These specifications, among other things, provided that " [a]t the close of work each day all areas of the roof shall be made watertight." The parties further agreed that plaintiff was to be bound to the defendant by the terms of the prime contract.

The plaintiff, from time to time, was fully advised by the defendant of the claims of the contracting officer representing the Government for reimbursement for water damages because of the failure to make the roof watertight. The subsequent appeal to the General Services Administrator was taken by the defendant at the request of the plaintiff. The latter, by its officers and attorneys, actively participated in the hearing before the board of review which sustained the decision of the contracting officer.

In this posture of the controversy, plaintiff may not relitigate in the courts of this State the question of liability for water damages to the property of the Government. There is no showing that plaintiff has demanded that defendant seek a further judicial review in the proper forum of the decision of the General Services Administrator. We are not required to decide whether such a right of review exists. The plaintiff joined hands with the defendant in resisting the claims of the Government to the fullest extent permitted by the prime contract. An adverse decision was made and the plaintiff having agreed to be bound by the provisions of the contract between the defendant and the Government may not here litigate anew the questions previously determined.

The judgment and orders appealed from should be affirmed, with costs to the respondent.

Peck, P. J., Breitel, Bastow, Cox and Bergan, JJ., concur.

Judgment and orders unanimously affirmed, with costs.